UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **GENE EDWARD SCOTT II,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1014-R |
| | ) | |
| **ZSA ZSA CAMPBELL "HOUSE",** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff, proceeding pro se and in forma pauperis, filed this action which seeks relief for certain wrongs committed by defendants. Pursuant to the directives of 28 U.S.C. § 1915(e)(2), the Court has reviewed Plaintiff's filing and finds that it fails to state a claim on which relief may be granted.

The Complaint alleges that nine "ladies" in Arkansas "molested boy Plaintiff" who is now "age 58 years and a veteran of the United States Army." The Complaint identifies the defendant only as "Zsa Zsa Campbell 'House', et al." and purports to seek relief under "Amendment (I, VIII and XIV) of U.S.C. Privacy Rights Act of 1974." He seeks monetary damages and requests the Court "dismiss the case…in favor for Plaintiff" as he is "100% innocent."

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This standard does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(quoting the *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) Thus, typically, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The allegations must, at a minimum, provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id*.

Plaintiff's Complaint, even when afforded a liberal construction,[1] does not meet these standards. The Complaint does not adequately identify the defendants or include sufficient factual allegations showing that he is entitled to relief. The Complaint fails to "give the defendant fair notice of what the claim is and the grounds upon which it rests" and therefore does not comply with Rule 8. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and ellipses omitted).

Accordingly, pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim. Plaintiff may file an amended

---

[1] Where, as here, a litigant is proceeding pro se, the "pleadings are to be construed liberally." *Hall*, 935 F.2d at 1110. But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*.

2

complaint within 14 days of this Order. If an amended complaint is not timely filed, this action will be dismissed without further notice.

IT IS SO ORDERED this 30th day of September, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE